No. 14,189.

RAILROAD COMMISSION OF LOUISIANA VS. THE KANSAS CITY SOUTHERN
RAILWAY COMPANY.

### SYLLABUS.

The provision of Article 285 of the Constitution, conferring upon this court jurisdiction of suits brought against the Railroad Commission to test the validity of whatever rule, regulation, etc., it may have adopted, cannot be made to apply to suits brought by the Railroad Commission to recover the amount of fines imposed by itself for violations of its ordinances. A suit of the latter kind is an ordinary suit falling within the general rule as to jurisdiction.

APPEAL from the Twelfth Judicial District, Parish of DeSoto.— *Lee, J.*

*Walter Guion,* Attorney General, (*H. T. Liverman* and *Lewis Guion,* of Counsel), for Plaintiffs, Appellants.

*Alexander & Wilkinson,* for Defendant, Appellee.

The opinion of the court was delivered by

PROVOSTY, J. In this suit the Railroad Commission of Louisiana seeks to enforce payment of a fine of $1000.00 imposed by itself upon the defendant Railway Company, and a motion is made to dismiss the appeal on the ground of want of jurisdiction *ratione materiae.*

As containing a grant of jurisdiction to this court in cases of this character the Attorney General refers to the following Article of the Constitution:

"Art. 285. If any railroad, express, telephone, telegraph, steamboat and other water craft, or sleeping car company, or other party in interest, be dissatisfied with the decision or fixing of any rate, classification, rule, charge, order, act or regulation, adopted by the Commission, such party may file a petition setting forth the cause of objection to such decision, act, rule, rate, charge, classification or order, or to either or to all of them, in a court of competent jurisdiction, at the domicil of the Commission, against said Commission as defendant, and either party to said action may appeal the case to the Supreme Court of the State, without regard to the amount involved, and all such cases, both in the trial and appellate courts, shall be tried sum-

marily, and by preference over all other cases. Such cases may be tried in the court of the first instance, either in chambers or at term time; provided, all such appeals, shall be returned to the Supreme Court within ten days after the decision of the lower court; and where the Commission appeals, no bond shall be required. No bond shall be required of said Commission in any case, nor shall advance costs, or security for costs, be required of the Commission."

That Article, in express terms, has reference exclusively to suits brought *against* the Commission, for the purpose of testing the validity of some action it may have taken; but the Attorney General argues that the provision of this Article on the subject of the appeal, must be read into Article 286 under which the present suit has been brought, the two Articles being laws *in pari materiae,* and having therefore to be construed together.

The canon of construction here invoked is sound; but assuming for argument's sake that Article 285 is *in pari materiae,* the argument loses sight of the fact that there are other Articles in the Constitution which are also laws *in pari materiae,* and in connection with which also Article 286 must be construed; these are the Articles inserted in the Constitution for the special purpose of regulating the jurisdiction of this court, which impliedly prohibits this court from entertaining jurisdiction of cases involving a mere monied demand where the amount is less than $2000.00,

We can readily understand why suits brought to test the validity of any rule, regulation, etc., that the Commission may have made, should go to the highest court, which alone is competent to give a decision that shall be authoritative in other cases besides the one in which it is rendered; but after the validity of these rules, regulations, etc., have been established, either by decision or by failure to contest, we can think of no special reason why suits brought to collect fines imposed under these rules and regulations, should come to this court, any more than should any other suits brought by the State, or by any of the State agencies, for the recovery of mere money, and involving no governmental regulation.

We have no jurisdiction of the appeal, and have to sustain the motion to dismiss; but in doing so we will add that the case, being the first of its kind, is one in which we should entertain an application for a writ of review on the petition of either party; so that no permanent injury to either party can result from our present action.

Appeal dismissed.